UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **STEVEN D. HARRINGTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-270 |
| | ) | |
| **DON LAUER, DeKalb County Sheriff** | ) | |
| **(in his official capacity), et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 case is a Motion for Leave to File Third-Party Complaint for Breach of Contract (Docket # 26) filed by Defendants Dekalb County Sheriff Don Lauer and John Does/Jane Does (collectively, the "County") on January 24, 2012, seeking leave to file a third-party complaint against Health Professionals, Ltd. ("HPL"), the employer of Defendants Tina Grist and Nicole Moore (the "Nurses"), who are both nurses at the DeKalb County Jail. The Nurses oppose the motion, contending that it is "moot"; the motion is now ripe for ruling. (Docket # 28-31.)

For the following reasons, the County's motion for leave will be GRANTED.

*A. Factual and Procedural Background*

Plaintiff filed this suit against Defendants on August 8, 2011, contending that they violated his Eighth Amendment rights by denying him appropriate medical care and dietary needs when he was incarcerated at the DeKalb County Jail. (Docket # 1.) On October 18, 2011, the Court conducted a scheduling conference at which the following deadlines were established: December 19, 2011, for Plaintiff to seek leave of Court to join additional parties and to amend the pleadings; January 9, 2012, for Defendants to seek leave of Court to join additional parties

and to amend the pleadings; and May 19, 2012, for the completion of all discovery. (Docket # 24, 25.)

On January 24, 2012, *after* the applicable deadline, the County filed the instant motion, seeking leave to file a third-party complaint against HPL, who contracts the Nurses' services to the Jail. (Docket # 26.) The County explains in its motion that although HPL represents that it will indemnify the County for allegations of negligence arising out of HPL's provision of services, it refuses to provide a full defense to the County against Plaintiff's complaint. (Mot. for Leave ¶ 10.) The County asserts that this is a breach of HPL's written agreement with DeKalb County. (Mot. for Leave ¶ 12.)

The Nurses filed a response in opposition to the County's motion, claiming that it is "moot" (Docket # 28), and the County replied (Docket # 29). Since neither the County nor the Nurses discussed the untimeliness of the motion in their briefs, the Court afforded the County an opportunity to submit a brief in support of a showing of "good cause" and "excusable neglect" concerning the motion's untimeliness. (Docket # 30.) The brief in support has now been filed by the County. (Docket # 31.)

*B. Discussion*

1. The County Has Shown "Good Cause" and "Excusable Neglect" for the Untimely Motion.

"Generally, a defendant may commence a third-party action only upon leave of court where the defendant seeks to commence that action more than [fourteen] days after filing its answer." *Dos Santos v. Terrace Place Realty, Inc.*, 433 F. Supp. 2d 326, 336 (S.D.N.Y. 2006); *see* Fed. R. Civ. P. 14(a)(1); *Am. Family Ins. Co. v. Hewlett-Packard Co.*, No. 1:10-cv-01124, 2011 WL 4550155, at *1 (S.D. Ind. Sept. 28, 2011). In the scheduling order, the County was

afforded until January 9, 2012, to seek leave of Court to join additional parties and to amend the pleadings. (Docket # 24.) Yet, the County failed to do so within that time frame. Consequently, its motion for leave, filed more than two weeks after the deadline, is untimely. *See Dos Santos*, 433 F. Supp. 2d at 335-36.

Under Federal Rule of Civil Procedure 6(b)(1), "[a] motion filed before the deadline may be granted 'for good cause'[;] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(1)(A)-(B)). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see Am. Family Ins. Co.*, 2011 WL 4550155, at *1.

As to excusable neglect, it is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

3

The County explains that its motion was untimely because it believed that the indemnification and defense issue would be resolved through its conversations and correspondence with HPL. (Br. in Supp. 2.) To that end, it emphasizes that "[t]he parties were not in complete disagreement, as HPL had recognized at least part of its duty to indemnify and defend the County. It was only the degree of defense and indemnification that was unresolved." (Br. in Supp. 2.) The County elaborates that its counsel last talked with HPL's counsel about the matter on December 12, 2011, and in that conversation, HPL's counsel said that he would speak to HPL or its insurance carrier about the matter and would "get back" to the County concerning its response; however, HPL's counsel failed to do so before the January 9, 2012, deadline to amend the pleadings. (Br. in Supp. 2.) Moreover, despite repeated requests by the County for a copy of HPL's insurance policy and declarations page, HPL did not provide these documents until after January 23, 2012. (Br. in Supp. 3.) Consequently, the County states that it was not until after the January 9, 2012, deadline had passed that it realized that it could not resolve the issue without judicial intervention. (Br. in Supp. 2-3.)

As to the circumstances surrounding the omission, this case is in the early stages and discovery is open until May 19, 2012. Thus, there is no indication that the nonmoving parties would be prejudiced or the judicial proceedings negatively impacted by the granting of the County's motion. *Cf. Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993) (affirming denial of motion for leave to file a third-party complaint where defendant filed the motion after discovery had closed and three weeks before dispositive motions were due); *see Trs. of Cent. States, Se. & Sw. Areas Health & Welfare Fund v. State Farm Mut. Auto. Ins. Co.*, No. 89 C 0435, 1991 WL 191456, at *4 (N.D. Ill. Sept. 16, 1991) ("Most courts have placed

greater weight on the question of prejudice . . . in determining whether to permit the tardy filing of a third-party complaint." (citation omitted)). Furthermore, the length of the County's delay was relatively brief in this instance, that is, only fifteen days. *See Am. Family Ins.*, 2011 WL 4550155, at *1) (finding good cause where defendant filed motion for leave to file third-party complaint nearly nine months late). And, it appears that the County pursued the matter in good faith, attempting to resolve it without judicial intervention. *See, e.g.*, *Am. Family Ins.*, 2011 WL 4550155, at *2 (concluding that defendant had demonstrated sufficient diligence in seeking leave to bring its third-party complaint where defendant described in detail the efforts it had taken to determine the identity of the manufacturer); *Lauer v. Patriot Paint Co.*, No. 1:06-cv-244, 2007 WL 2068595, at *3 (N.D. Ind. July 17, 2007) (finding a showing of good cause where there was no indication that defendant engaged in dilatory tactics or undue delay in seeking to amend its third-party complaint).

Considering all of the foregoing, the County has adequately established "good cause" and "excusable neglect" for the untimely motion.

2.  <u>Contrary to the Nurses' Assertion, the Motion Is Not Moot</u>

In their response opposing the County's motion, the Nurses represent that HPL has indicated a willingness to assume the defense of the County "for issues and claims related to the medical care to the Plaintiff in this matter by its healthcare provider employees." (Resp. Br. ¶ 7.) To that end, they contend that the motion for leave should be denied because the claims asserted by the County for breach of contract "relating to the defense of this claim and [its] coverage under HPL's insurance policies pursuant to contract have been satisfied and are therefore moot." (Resp. Br. ¶ 8.)

The County, however, indicates quite the opposite in its reply. It emphasizes that HPL has only agreed to indemnify and defend it against claims of negligence or intentional misconduct arising out of the Nurses' negligence, *not* the County's own personnel. (Reply Br. ¶ 1.) Thus, the claim in Plaintiff's complaint against the Sheriff in his official capacity for "having unconstitutional policies with respect to denying appropriate medical care to inmates" is precisely the sort of claim that HPL has refused to indemnify and defend the County against, which the County contends is a breach of HPL's agreement. Consequently, it appears that the claims articulated in the County's proposed third-party complaint are far from moot.

In sum, "[a] court should allow impleader unless 'it will delay or disadvantage the existing action and the third-party claim obviously lacks merit.'" *New Fashion Pork, LLP v. Omni Builders, Inc.*, No. 2:08-cv-67, 2008 WL 4530637, at *1 (S.D. Ind. Sept. 30, 2008) (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1443 (2nd ed. 1990)); *see Am. Family Ins.*, 2011 WL 4550155, at *2 ("Rule 14 is designed to accomplish efficiencies in the dispensation of justice by forgoing two successive lawsuits involving substantially the same evidence and legal arguments when one lawsuit will do . . . ."). Here, the Nurses have not suggested that the County's proposed third-party complaint will delay or disadvantage the action, and their assertion that the third-party claim is moot is misplaced; they make no other argument with respect to the merits of the proposed third-party complaint. Therefore, the County's motion for leave will be GRANTED.

## C. Conclusion

For these reasons, Defendants' Motion for Leave to File Third-Party Complaint for Breach of Contract (Docket # 26) is GRANTED. The Clerk is DIRECTED to show the

proposed Third-Party Complaint attached to the motion as filed.

SO ORDERED.

Enter for the 12th day of March, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge